UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Case No: 6:20-cv-1747-PGB-DCI

LILLIAN SHIFFMAN,

        Defendant.

_____

ORDER TO SHOW CAUSE

By Order dated April 16, 2021, the Court determined that the United States properly served Defendant (Lillian Shiffman) by substitute service of process upon the Florida Secretary of State. Doc. 20.  Defendant has not responded to the Amended Complaint and the time for doing so has elapsed.  Pending before the Court is the United States' Motion for Default Judgment (the Motion). Doc. 25.  The United States requests that the Court enter a default judgment against Defendant in the amount of $1,136,710.48 as of October 29, 2019, plus interest.  *Id.* at 14.

Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

According to the Amended Complaint, the United States seeks "to reduce to judgment civil penalties assessed against Defendant based on her willful failure to report, pursuant to 31 U.S.C.

_____

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

§ 5314 and its implementing regulations, her financial interest in and signature authority over one

or more foreign bank accounts during 2010 and 2011." Doc. 11 at ¶ 1. The pleading includes one

Count to Reduce to Judgment Willful FBAR Penalties for 2010 and 2011. *Id*. at 10-11.

In relevant part, the United States alleges that the statute of limitations for assessment of

an FBAR penalty is six years, but Defendant agreed to extend the time for assessing penalties for

the 2010 and 2011 calendar years to December 31, 2018. *Id*. at ¶ 50. In support of this statement,

the Motion cites to the pleading and a declaration from Agent Kimberly Nguyen, Internal Revenue

Service (IRS) Revenue Agent. Doc. 25 at 9. Indeed, Agent Nguyen attests to the fact that

Defendant agreed to extend the period. Doc. 25-1 at 2, ¶ 6.

Agent Nguyen does not reference the evidence that supports this assertion but has attached

four exhibits to the declaration. While it may be that consent to an extension of the statute of

limitations is an option, the exhibits reflect that Defendant actually refused such consent at certain

times during the examination regarding the FBAR penalties. Specifically, the Court has identified

at least two references to Defendant's refusal:

> • As of 4/1/16, the taxpayer did not provide any amended returns for 2005-2012,
> or her unreported foreign income, or delinquent FBARS, consents to extend the
> FBAR statutes, or consents to extend the income tax statutes, so she was removed
> from the Offshore Voluntary Disclosure Initiative (OVDI) program due to a lack of
> cooperation. Doc. 25-1 at 17, ¶25.[2]

> • Ms. Shiffman refused to sign any agreements to extend the period of time to assess tax,
> tax penalties, and FBAR penalties. Doc. 25-1 at 24, ¶ 14 (emphasis in the original).

Accordingly, in light of the apparent contradictory evidence, **on or before August 20,**

**2021**, the United States shall submit evidence in support of the allegation and declaration that

---

[2] Paragraph 25 also reflects statements such as "The taxpayer did not submit the documents or
the statute consents and requested an additional 60 days" and "The taxpayer did not cooperate."
Doc. 25-1 at 17.

Defendant agreed to extend the time for assessing penalties for the 2010 and 2011 calendar years to December 31, 2018.  If no such evidence exists, within the allotted time the United States shall show cause why the Motion should not be denied because the request for relief is outside of the applicable statute of limitations.[3]

      **DONE AND ORDERED** in Orlando, Florida on August 17, 2021.

          DANIEL C. IRICK
          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] The Court notes that Agent Nguyen has attached as an exhibit an Agreement to Assessment and Collection of Penalties.  Doc. 25-1 at 13.  To the extent that the Agreement is offered to demonstrate that Defendant consented to the extension of the statute of limitations, it does not appear that Defendant executed the document.  *See id*. at 13-15.