**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                **Case No: 6:20-cv-1747-PGB-DCI**

**LILLIAN SHIFFMAN,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**     **Plaintiff's Motion for Default Judgment (Doc. No. 25)**
>
> **FILED:**        **June 2, 2021**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This matter is before the Court on the United States' Motion for Default Judgment (the Motion). Doc. 25. No response was filed and the time for doing so has elapsed. The undersigned recommends that an evidentiary hearing is not required in this case. For the reasons stated below, the undersigned recommends that the Motion be **GRANTED**.

**I.**      **Background and Procedural History**

The United States has filed an Amended Complaint "to reduce to judgment civil penalties assessed against Lillian Shiffman (Defendant) based on her willful failure to report, pursuant to 31 U.S.C. § 5314 and its implementing regulations, her financial interest in and signature authority

over one or more foreign bank accounts during 2010 and 2011." Doc. 11.  The pleading includes one Count to Reduce to Judgment Willful FBAR Penalties for 2010 and 2011.  *Id*.

The Court granted for good cause the United States' request for an extension to serve the original Complaint.  Doc. 10.  The United States subsequently filed the Amended Complaint which includes allegations of Defendant's alleged evasion of process.  Doc. 11.  On January 8, 2021, a summons was returned unexecuted as to Defendant.  Doc. 15.  In light of many unsuccessful attempts at service, on January 14, 2021, the United States served the summons, original Complaint, and Amended Complaint on the Florida Secretary of State as an agent on whom process may be served pursuant to Florida Statutes section 48.161.  Doc. 20.  By Order dated April 16, 2021, the Court granted the United States' Motion for Order Declaring Defendant Served with Process and found that substituted service was warranted and properly executed.  *Id*.

On April 27, 2021, the Clerk entered default against Defendant.  Doc. 22.  Plaintiff now moves for the Court to grant default judgment against Defendant in the amount of $1,136,710.48 as of October 29, 2019, plus interest.  Doc. 25.  Upon review of that request, the undersigned questioned the Defendant's consent to the extension of time on the statute of limitations to assess penalties because the exhibits attached to the Motion reflected that Defendant entered into no such agreement.  Accordingly, by Order dated August 17, 2021, the undersigned directed the United States to submit evidence in support of its allegation and declaration that Defendant agreed to extend the time for assessing penalties for the 2019 and 2011 calendar years to December 31, 2018.  Doc. 27.  The United States has since filed the supporting evidence.  Doc. 28.  The Motion is ripe for review.

**II.     Allegations**

According to the Amended Complaint, in or about 2000, Defendant's late husband opened an account at Bank Leumi in Israel. Doc. 11 at 4. The customer number associated with the account ended in "76/88" and the account name was in the name of Cartmel Partners Corp (Cartmel), which was incorporated in Panama in 2000. *Id*. In 2014, in a deferred prosecution agreement between Bank Leumi and the United Sates, the bank admitted that the "use of offshore entities . . . to serve as nominee accountholders" was part of how it "aided and assisted. . . U.S. taxpayers in opening and maintaining undisclosed accounts." *Id*, citing *United States v. Bank Leumi LE-Israel B.M.*, no. 14-cr-731 (C.D. Cal. Dec. 23, 2014). Defendant inherited the Bank Leumi account upon her husband's death in March 2005, had both a financial interest in and signature authority over the account, and almost immediately upon inheritance began exercising control over it such as leaving handwritten instructions during her travel to Israel to purchase $200,000 of a particular security if any "new emission" of the security became available. *Id*.

In July 2005, an Israeli attorney who was a signatory on the Bank Leumi account, wrote to the bank to expressly give Defendant authority over the account. *Id*. A declaration of beneficiary and parties having control filed with Bank Leumi in July 2005 confirms that Defendant was the sole beneficiary of the account. *Id*. Another declaration with the bank in June 2008 states that Defendant had sole control of Cartmel. *Id*. Defendant retained control over the Bank Leumi account until it was closed in March 2011. *Id*.

After obtaining control of the account in 2005, Defendant received at least $5,000 per month from the account, and in 2006, she increased the amount to at least $7,000 per month. *Id*. Defendant was actively engaged with the bank regarding the monthly distributions including sending a handwritten letter in 2005 to the bank asking for two distribution checks in January 2006.

*Id*. In March 2007, she wrote a letter asking for $21,000 over a one-month period. *Id*. She also wrote multiple letters to the bank about ensuring that her address was clearly printed on the envelopes carrying the checks. *Id*.

Defendant consistently failed to disclose her offshore assets on Schedule of Form 1040. *Id*. at 7. For each tax year between 2006 and 2011, Defendant checked "no" when asked about whether she had a financial interest in or signature authority over a foreign account. *Id*. In 2010 and 2011, Defendant's account balance at Bank Leumi remained above $10,000 and the highest balance in 2021 was $2,115,592 and in 2011 was $2,107,298. *Id*.

On or before June 30, 2011 and 2012, Defendant was required to file a FBAR reporting her financial interest in and signature authority over the bank account for those calendar years but failed to do so.[1] *Id*. Defendant actively attempted to hide her overseas assets from the IRS. *Id*. For example, she chose not to have correspondence from Bank Leumi mailed to her home in the United States and instead she paid an annual fee to have the bank hold her mail. *Id*. at 8. Any records not maintained by Bank Leumi were held by Cartmel, a Panamanian entity, and these records were periodically shown to Defendant who did not retain them. *Id*.

Defendant admitted to the IRS that her tax return preparer asked her to fill out a worksheet each year that asked about foreign accounts and that she answered that question each year by denying that she had any. *Id*. She further admitted to the IRS that she never told her tax preparer about the Bank Leumi account or the proceeds she received from it. *Id*. In October 2017, after she closed the account, Defendant falsely represented to an IRS appeals officer that she never dealt with Bank Leumi regarding investments or checks. *Id*.

---

[1] She also failed to timely submit an FBAR for 2005-2009 but the deadline passed for assessing penalties on these years.

While the statute of limitations for assessment of an FBAR penalty is six years, Defendant agreed to extend the time for assessing penalties for the 2010 and 2011 calendar years to December 31, 2018. *Id*. at 10. On October 5, 2018, a delegate of the Secretary of the Treasury assessed civil penalties pursuant to 31 U.S.C. § 5321(a)(5)(C) based on her willful failure to file. *Id*. A delegate of the Secretary of the Treasury gave notice to Defendant of the unpaid penalties, but Defendant failed and refused to pay the entire amount. *Id*. As of October 26, 2019, Defendant owes $1,136,710.48 in FBAR penalties, failure to pay penalties, and interest. *Id*.

### III.   Legal Standard

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

### IV.   Discussion

A person who fails to report a financial interest in foreign accounts pursuant to 31 U.S.C. § 5314 is liable to the government for a civil penalty. Deeming the well pled facts in the Amended Complaint as admitted, Defendant had a financial interest in and signatory authority over the

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Leumi Bank account at issue. From 2010 to 2011, both accounts were greater than $10,000 and, therefore, Defendant was required to disclose her financial interest for each of those years. Defendant was required to file a Report of Foreign Bank and Financial Accounts (FBAR) to report the interest on or before June 30 of each year but did not do so. Defendant admitted, through default, that she agreed to extend the time for assessing penalties for the 2010 and 2011 calendar years to December 31, 2018.[3] A delegate of the Secretary of the Treasury gave notice to Defendant of the unpaid penalties, but Defendant refused to pay the entire amount. In Defendant's case, the assessment was $528,898 for each year at issue for a total of $1,057,796. The United States seeks $1,136,710.48 in FBAR penalties, failure to pay penalties, and interest for calendar years 2010 and 2011. Docs. 25; 25-1.

In support of the request, the United States has attached a declaration from Agent Kimberly Nguyen, Internal Revenue Service (IRS) Revenue Agent. Doc. 25-1. Agent Nguyen attests to the fact that in her capacity as an agent she has access to and is readily familiar with IRS records and computerized information regarding the investigation and assessment of FBAR penalties. *Id*. at 1. Agent Nguyen declares that Defendant is not a minor or incompetent; Defendant was assessed

---

[3] IRS Agent Nguyen's declaration attached to the Motion does not reference the evidence that supports this assertion but has attached four exhibits to the declaration. The exhibits actually reflect that Defendant at least initially refused such consent at certain times during the examination regarding the FBAR penalties. *See* Doc. 25-1 at 17, ¶25; 24 at ¶ 14. In response to the undersigned's Order to Show Cause on the issue of consent, the United States has submitted evidence reflecting that on May 4, 2017, Defendant signed a consent to extend the time to assess civil penalties for FBAR violations in 2010 and 2011 to December 31, 2018, which the IRS countersigned. Doc. 28. The United States explains that it was executed after Defendant previously refused to sign the consent, but since the penalties were assessed on October 5, 2018, after the consent was executed, the agreement for the extension was timely. *Id*. at 2. Attached to the response is Agent Nguyen's second declaration on this issue and documents reflecting the consent. *Id*. at 28-1, 28-2. The undersigned recommends that the extension is valid especially considering the failure to respond in this case.

penalties on October 5, 2018; that despite proper notice and demand, Defendant failed to pay the penalties; and that as of October 29, 2019, Defendant owes $1,136,710.48 in FBAR penalties, failure to pay penalties, and interest for calendar years 2010 and 2011.  Doc. 25-1.

The Department of Defense Manpower Data Center attached to the Agent Nguyen's original declaration reflects that as of June 1, 2021, Defendant is not on active military duty.  Doc. 25-1 at 3839.

The undersigned finds that the Amended Complaint is sufficiently pled to support the default judgment, and that default judgment has supporting documentation for the requested relief.

### V.      Conclusion

The undersigned **RECOMMENDS** that the United States' Motion (Doc. 25) be **GRANTED**, and the Clerk enter a default judgment in favor of the United States and against Defendant in the amount of $1,136,710.48 as of October29, 2019, plus interest and further additions thereafter as provided by law.

**Recommended** in Orlando, Florida on August 23, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE